MR. CHIEF JUSTICE HASWELL
dissenting.
I would affirm Judge Green’s designation of defendant as a dangerous offender.
*298 In March, 1979, defendant plead guilty to two burglaries. In June, 1979, defendant escaped from jail while awaiting sentencing. In November, 1979, defendant was convicted of a robbery he committed while at large following his escape, sentenced to 20 years, and designated a dangerous offender by reason of his prior conviction of burglary less than a year previously.
The majority remand for resentencing because defendant’s plea of guilty to the two prior burglaries was not equivalent to a conviction thereof under the definition contained in section 45-2-101(9), MCA. Thus, defendant could not be designated a dangerous offender on this basis according to the majority.
In my view, this is blind obedience to form over substance. It is contrary to the intent, purpose and policy of the dangerousnondangerous offender statute, section 46-18-404, MCA. The intent of this statute is obvious — to restrict parole eligibility of an offender who has committed a prior felony within 5 years of the offense for which he is being sentenced. A dangerous offender is not eligible for parole until he has served one-half of his sentence less good time allowances; a nondangerous offender becomes eligible for parole after serving one-fourth of his sentence less good time allowances. Section 46-23-201(a), MCA. In determining offender status and parole eligibility, recent prior felonies committed by the defendant are paramount. Section 46-18-404, MCA. What difference does it make whether a formal judgment of conviction has been entered where the defendant has admitted the prior felonies in open court by pleading guilty? To ask the question is to answer it.
The definition of a conviction cited in the majority opinion is incomplete. The relevant portion of the definitional statute reads:
“. . . unless a different meaning plainly is required, the following definitions apply in the title:
“(9) ‘Conviction’ means a judgment of conviction . . . entered upon a plea of guilty or upon a verdict or finding of guilty of an offense ...” (Emphasis added.) Section 45-2-101, MCA.
Here a different meaning plainly is required to carry out the in *299 tent, purpose and policy of the dangerous-nondangerous offender statute for the reasons expressed in this dissent.
Additionally, the only reason that a formal judgment of conviction of the prior burglaries was not entered is that defendant escaped while awaiting sentencing. It is fundamental to our system of jurisprudence that no one can take advantage of his own wrong; this principle has been enacted into statute in Montana. Section 1-3-208, MCA. This is precisely what the majority have permitted here.
MR. JUSTICE HARRISON concurs in the foregoing dissent.